IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MISTY COX, as mother and guardian of Child Doe,<br><br>                 Plaintiff,<br><br>v.<br><br>SOUTH SANPETE SCHOOL DISTRICT, and KENT LARSEN, TREVOR POWELL, RHETT JACKSON, and JARED ANDERSON, in their official and individual capacities,<br><br>                 Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' [22] AND [25] MOTIONS TO DISMISS**<br><br>Case No. 4:18-cv-0070-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Plaintiff Misty Cox ("Plaintiff") filed a complaint ("Complaint")[1] on behalf of her son, Child Doe, arising out of his assault while a student at Gunnison Valley High School. She asserts three causes of action: (1) violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq. ("Title IX") against South Sanpete School District ("District"); (2) sexual harassment under 42 USC § 1983 in violation of the Equal Protection Clause of the Fourteenth Amendment against Kent Larsen, Trevor Powell, Rhett Jackson, and Jared Anderson (collectively "Individual Defendants); and (3) a Section 1983 claim against the District for violation of the Equal Protection Clause for unconstitutional policies and practices.

---

[1] Complaint, docket no. 2, filed October 18, 2018.

Defendant Jared Anderson filed a Motion to Dismiss,[2] and the District and remaining Individual Defendants filed a separate Motion to Dismiss.[3] Plaintiff opposed both motions.[4] The defendants replied in support of their respective motions.[5] On February 8, 2019, the parties presented argument on the Motions.[6]

As discussed below, although the assault of Child Doe by fellow students was horrific and would likely give rise to claims under state law, the Complaint fails to adequately allege cognizable Title IX and Section 1983 claims against the District and the Individual Defendants. The two Motions to Dismiss are GRANTED.

BACKGROUND ................................................................................................................................ 3
STANDARD OF REVIEW ............................................................................................................. 3
DISCUSSION .................................................................................................................................. 4
   I.   The Complaint Fails to State a Claim Under Title IX. ......................................................... 4
      A.   Actual knowledge is not sufficiently pleaded. .............................................................. 5
      B.   Deliberate indifference is not sufficiently pleaded. ...................................................... 5
      C.   Pervasiveness is not sufficiently pleaded. .................................................................... 7
      D.   Denial of access to educational benefits or opportunities is insufficiently pleaded. .... 7
   II.   The Individual Defendants Are Entitled to Qualified Immunity. ...................................... 8
   III.   The Complaint Fails to Adequately Allege an Equal Protection Violation by the District. ................................................................................................................................ 10
ORDER ........................................................................................................................................... 12

---

[2] Defendant Jared Anderson's Motion to Dismiss, docket no. 22, filed December 13, 2018.

[3] Motion to Dismiss, docket no. 25, filed December 19, 2018.

[4] Opposition Response to Defendant Jared Anderson's Motion to Dismiss, docket no. 33, filed January 18, 2019; Opposition to Motion to Dismiss of Defendants Larsen, Powell, Jackson, and South Sanpete School District, docket no. 34, filed January 18, 2019.

[5] Defendant Jared Anderson's Reply in Support of Motion to Dismiss, docket no. 35, field January 29, 2019; Reply in Support of Defendants South Sanpete School District, Kent Larsen, Trevor Powell, and Rhett Jackson's Motion to Dismiss, docket no. 37, filed February 2, 2019.

[6] Minute Order, Proceedings before Judge David Nuffer, docket no. 40, filed February 8, 2019.

## BACKGROUND

Child Doe is a Freshman at Gunnison Valley High School ("GVHS") within the District. Child Doe began attending GVHS in August 2018 and was a member of the GVHS football team. On Monday, September 17, 2018, just before the start of football practice, two students pinned Child Doe to the ground while a third student pulled his pants down and rubbed his genitals and buttocks in Child Doe's face.

This incident ("Incident") and the actions of the three students ("Students") were reported to the school resource officer the next day. The school resource officer began an investigation. On Wednesday, September 19, 2018, the Students were suspended from school for three days. After the Incident, at least fifteen other students came forward to the school resource officer with their own accounts of similar assaults by the Students.

Defendant Larsen is the superintendent for the District. Defendant Powell is the Principal and Defendant Jackson is the Assistant Principal of GVHS. Defendant Anderson is the Athletic Director for GVHS and the father of two of the Students that assaulted Child Doe.

Plaintiff's central assertion in the Complaint in support of the Title IX and Section 1983 causes of action is that the Individual Defendants and the District must have known about these other assaults prior to the Incident and the school resource officer's investigation. This is because the prior assaults occurred in a small town and Defendant Larsen, Defendant Jackson and Defendant Powell were friends with Defendant Anderson, who is the father of two the Students.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[7] Dismissal under Rule

---

[7] Fed. R. Civ. P. 12(b)(6).

12(b)(6) is appropriate when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[8]

On a motion to dismiss under Rule 12(b)(6),[9] courts accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.[10] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations, legal conclusions, and opinions need not be considered or accepted, even if they are couched as facts.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12] Even under this favorable standard, the Complaint fails to state a claim—because of the law governing these claims against these governmental defendants.

## DISCUSSION

### I. The Complaint Fails to State a Claim Under Title IX.

Title IX provides that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[13] To state a valid claim against a school district under Title IX, a plaintiff must allege facts supporting four elements: the school district "(1) had actual knowledge of and (2) was deliberately indifferent to (3) harassment that is

---

[8] Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

[9] Fed. R. Civ. P. 12(b)(6).

[10] *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1152–53 (10th Cir. 2001).

[11] Cory v. Allstate Ins., 583 F.3d 1240, 1244 (10th Cir. 2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). *See also* Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995).

[12] *Omnicare, Inc. v. Laborers Dist. Council Const. Industry Pension Fund*, 135 S.Ct. 1318, 1332 (2015).

[13] 20 U.S.C. § 1681(a).

so severe, pervasive and offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school."[14]

### A. Actual knowledge is not sufficiently pleaded.

To make a Title IX claim against a school district for sexual harassment, the plaintiff must allege facts showing that an appropriate person had actual knowledge of harassing behavior and that the behavior was severe enough to give rise to a hostile educational environment.[15] The actual knowledge must be held by the appropriate person—"a school official who has the authority to halt known abuse."[16] Harassment of persons other than the plaintiff may provide the school with the requisite notice to impose liability under Title IX, which is sufficient to satisfy the actual knowledge prong.

Here, Plaintiff's Complaint does not assert any facts showing that anyone at the District had knowledge of prior assaults by the Students until *after* the Incident occurred. Plaintiff's conclusory statements that school officials "had absolute knowledge" and "had actual knowledge" are insufficient. Without additional factual support regarding the District's knowledge, these allegations are insufficient to satisfy the actual knowledge prong of the Title IX cause of action.

### B. Deliberate indifference is not sufficiently pleaded.

To state a Title IX claim for student-on-student harassment, Plaintiff must show that the District was "deliberately indifferent to acts of harassment of which it had actual knowledge."[17] "A district is deliberately indifferent to acts of student-on-student harassment 'only where the

---

[14] *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1119 (10th Cir. 2008) (citing *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999)).

[15] *Davis*, 526 U.S. at 641; *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1154 (10th Cir. 2006).

[16] *Murrell*, 186 F.3d at 1247.

[17] *Murrell*, 186 F.3d at 1246.

5

[district's] response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.'"[18] School administrators do not need to engage in a particular disciplinary action and victims do not have the right to seek particular remedial demands.[19]

As alleged in the Complaint, the District's administrative response to the Incident cannot be characterized as clearly unreasonable in light of the *known* circumstances. The Complaint cannot satisfy the deliberate indifference prong as to the prior assaults because the Complaint does not plausibly allege the District had knowledge of the Students' other assaults prior to the Incident. And although Plaintiff might disagree with aspects of the District's response to the Incident, the Complaint establishes that District did take reasonable action following the Incident, including disciplinary action against the Students in the form of a three-day suspension.

However, one aspect of the District's response must be addressed. The Complaint alleges that some administrators referred to after the Incident as hazing, horseplay, or harmless conduct attributable to "boys being boys".[20] These allegations are accepted as true on this motion and, if actually true, would be shocking. No responsible District official would thoughtlessly characterize the vile conduct of these Students in this way. Even though taken as true, these allegations are not sufficient to show deliberate indifference which *caused* the incident. But if true, the District and GVHS must fundamentally change the culture surrounding their athletic programs; reeducate or replace some officials; and prevent such incidents and responses in the future. Failure to do so might provide evidence of deliberate indifference in a future claim.

---

[18] *Rost*, 511 F.3d at 1121 (quoting *Davis,* 526 U.S. at 648).

[19] *Escue*, 450 F.3d at 1155.

[20] Complaint ¶ 22.

6

### C. Pervasiveness is not sufficiently pleaded.

A Title IX claim based on student-on-student sexual harassment requires the harassment be "severe, pervasive, and objectively offensive."[21] A single attack of a victim, "by definition, cannot be pervasive."[22] Although the Incident—an ugly assault perpetrated by the Students–was unquestionably severe and offensive, as a single incident it cannot be considered pervasive for the purposes of a valid Title IX claim.

### D. Denial of access to educational benefits or opportunities is insufficiently pleaded.

Finally, a Title IX claim based on student-on-student sexual assault requires Plaintiff to show the Incident deprived Child Doe of access to the educational benefits or opportunities provided by the school. The Complaint alleges Child Doe has faced harassment in his school; "has reservations about playing football;" has been traumatized; is being treated by therapists and counselors; and "may require additional special education services."[23] But the Complaint does not allege Child Doe was unable to attend school or participate in the football program. While Child Doe has unquestionably experienced great personal difficulty, the Title IX standard is different, requiring the deprivation of educational opportunities and benefits. The difficulties Child Doe has suffered did not rise to the level of denying Child Doe access to educational opportunities.

It is plausible that bolstered factual allegations in an amended complaint could address the other previously identified deficiencies in this Title IX claim. However, no amendment could

---

[21] Rost, 511 F.3d at 1119 (citing Murrell, 186 F.3d at 1246).

[22] *Schaefer v. Las Cruces Public Sch. Dist.*, 716 F.Supp.2d 1052, 1082 (D.N.M. 2010). *See also* Nieto v. Kapoor, 268 F.3d 1208, 1219 n. 8 (10th Cir. 2001); Smith v. Northwest Fin. Acceptance, Inc., 129 F.3d 1408, 1415 (10th Cir. 1997).

[23] Complaint ¶¶ 60–66.

cure the Complaint's failure at this stage of a Title IX analysis. Child Doe has continued to attend school and participate in the football program. There has been no deprivation of access to educational benefits or opportunities. Plaintiff has failed to state a valid claim for relief under Title IX. The first cause of action is dismissed with prejudice.

## II. The Individual Defendants Are Entitled to Qualified Immunity.

As employees of the state of Utah, the Individual Defendants are entitled to raise the defense of qualified immunity to the §1983 claim in the Second Cause of Action. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[24] After a defendant raises qualified immunity, the plaintiff bears the heavy burden of proving (1) that the facts alleged make out a violation of a constitutional right, and (2) that a reasonable municipal official would have known they were violating such a constitutional right.[25] "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."[26]

A school official may be held liable under Section 1983 upon a showing of deliberate indifference to known sexual harassment.[27] To survive a motion to dismiss, a plaintiff must state facts sufficient to allege that individuals "actually knew of and acquiesced in" sexual harassment.[28]

---

[24] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citation and quotation marks omitted).

[25] *Id*. at 232.

[26] *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

[27] *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1250 (10th Cir. 1999) (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992)).

[28] *Id*.

The allegations related to the Incident do not rise to the level of a deprivation of equal protection of the law. If Plaintiff had adequately alleged a chain of similar incidents that were actually known to the Individual Defendants and the Individual Defendants acquiesced in the face of those incidents, then there might be a different result on the second cause of action. But as to the Individual Defendants, the Complaint does not sufficiently state a claim. Further, the law that would govern this claim as currently pleaded—regarding a single incident—is not clearly established. Plaintiff cites to *Murrell v. School District No. 1 Denver, Colorado*[29] and *Hewlett v. Utah State University*[30] in support of her assertion that Child Doe's rights were clearly established. But unlike the Complaint here, both *Murrell* and *Hewlett* addressed repeated, well-pled incidents.

In *Murrell*, the plaintiff alleged that school personnel stood by, with knowledge, while *Murrell's* daughter was the victim of repeated sexual harassment that occurred on school premises with the knowledge of school staff by a perpetrator that was a known risk generally and specifically to the student.[31] In *Hewlett*, the plaintiff alleged that the school officials were aware that the offending student had previously sexually assaulted several other students and yet failed to remove him from the campus community.[32]

If the Individual Defendants were aware of a series of incidents, then this case would be more comparable to *Murrell* than to *Hewlett*. In *Hewlett,* the alleged assaults did not take place on school grounds or in an environment under the school's supervision and were therefore

---

[29] 186 F.3d 1238 (10th Cir. 1999).

[30] 2018 WL 794529 (D. Utah Feb. 8, 2018).

[31] *Murrell*, 186 F.3d at 1243-44.

[32] *Hewlett,* 2018 WL 794529, *4.

9

outside of the control of the state.[33] Like *Murrell*, the Incident here happened on school grounds during school hours. But unlike *Murrell*, Plaintiff has not adequately alleged a series of incidents of sexual harassment that were known to school officials. Moreover, Plaintiff does not cite to any cases—binding or persuasive—that clearly establish that a *single* incident of student-on-student sexual harassment is a violation of a constitutional right.

Because the law is not clearly established that a single occurrence like this might give rise to liability under Section 1983 and because—under the facts alleged—a reasonable person in the position of the Individual Defendants would not have known that there was a violation of rights, the Equal Protection claims against the Individual Defendants fail.

### III. The Complaint Fails to Adequately Allege an Equal Protection Violation by the District.

A Section 1983 claim regarding a school district's liability for sexual harassment under the Equal Protection Clause is analyzed under a municipal liability framework.[34] A claim of municipal liability for sexual harassment requires that the state employee's discriminatory conduct be representative of an official policy or custom of the institution,[35] or be taken by an official with final policymaking authority.[36] In the absence of an official policy, a municipality may still be liable for the widespread and persistent practice of sexual harassment which constitutes a custom.[37]

Plaintiff contends the District had a custom of acquiescing to student-on-student sexual harassment by failing to investigate or act on complaints of sexual harassment. If there was a

---

[33] *Hewlett* 2018 WL 794529 at *4.

[34] *See, e.g., Murrell,* 186 F.3d at 1249–50.

[35] *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 690–91 (1978).

[36] *Pembaur v. City of Cincinnati,* 475 U.S. 469, 484–85, (1986) (plurality opinion).

[37] *Starrett v. Wadley,* 876 F.2d 808, 820 (10th Cir. 1989).

claim—validly pleaded—of a chain of incidents that the District knew about and failed to address prior to the Incident, *that* could show a failure to train, investigate and enforce. But that sort of allegation is absent from the Complaint.

For the same reasons discussed under the Title IX analysis, Plaintiff has failed to adequately plead that anyone at the District had knowledge of the prior assaults until after the Incident occurred. Without an allegation that the District had prior knowledge of the Students' previous assaults and failed to take action in response to the incident, the Complaint does not adequately plead a violation of the Equal Protection Clause. Therefore, Plaintiff's Equal Protection claim fails against the District.

However, the Section 1983 claims against the Individual Defendants and the District are dismissed *without* prejudice. Unlike the Title IX claim, these claims could be amended to address the identified issues. In order to facilitate additional fact finding and drafting, Plaintiff will be provided 49 days from the entry of this Decision and Order to amend the complaint.

**ORDER**

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss[38] are GRANTED. Plaintiff's claim for violation of Title IX in the First Cause of Action is DISMISSED WITH PREJUDICE. Plaintiff's Second and Third Causes of Action for violation of the Equal Protection Clause under § 1983 are DISMISSED WITHOUT PREJUDICE.

Plaintiff shall have 49 days from the entry of this Order to file an Amended Complaint. If Plaintiff does not file an amended complaint within the prescribed time, then Plaintiff's case will be dismissed with prejudice.

Signed May 30, 2019.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[38] Defendant Jared Anderson's Motion to Dismiss, docket no. 22, filed December 13, 2018; Motion to Dismiss, docket no. 25, filed December 19, 2018.